UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALYCIA McGOWAN, )
)
    Plaintiff(s), )
)
vs. ) Case No. 4:06CV01573 ERW
)
MICHAEL J. ASTRUE, Commissioner of )
Social Security, )
    Defendant(s). )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge David D. Noce [doc. #24] pursuant to 28 U.S.C. § 636(b).

The Court notes that the Plaintiff has filed timely Objections to the Magistrate's Recommendation [doc. #25]. "[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Therefore, the Court will conduct a de novo review of those portions of the Report to which the Plaintiff has objected.

**I. BACKGROUND**

Plaintiff McGowan claims disability beginning on June 1, 2004, as a result of lupus erythematosus. The Magistrate Judge set forth in detail the Plaintiff's medical history, and therefore the Court will not repeat it; the Court will refer to the pertinent medical facts where appropriate. A hearing was held before the Administrative Law Judge (ALJ) on April 17, 2006,

1

and the ALJ subsequently denied Plaintiff's application for social security disability benefits. The case is now before the Court on an appeal from the ALJ's decision.

The ALJ discounted the weight to be given to Plaintiff's treating physician, on the basis that his assessment on the questionnaire he filled out in support of Plaintiff's application for benefits was inconsistent with his regular reports made at the time of treatment. Contrary to the treating physician's report, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work and therefore was not disabled. The Plaintiff has challenged the ALJ's reliance on the report of a non-medical expert in reaching his determination of Plaintiff's RFC;[1] the Magistrate judge rejected this challenge, and recommended that the decision of the ALJ be upheld. Plaintiff objected to the recommendation on this same basis.

## II. DISCUSSION

The key issue raised by the Plaintiff in her objections, is that the ALJ erroneously relied upon the testimony of a non-medical expert in determining Plaintiff's RFC. Plaintiff asserts that the ALJ's decision was erroneous because it discounted the weight of Plaintiff's treating physician's assessment, and gave substantial weight to Mr. Manning's assessment, a non-medical agency employee.

The Commissioner of Social Security is charged with determining the existence of a disability, through the application of a five step process. *See* 20 C.F.R. § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). The ALJ in the present case concluded, at the

---

[1]Plaintiff, in her initial appeal before the Magistrate Judge, also challenged the failure of the ALJ to re-contact Dr. Byrd, Plaintiff's treating physician, to rectify any inconsistencies between the treatment record and Dr. Byrd's submitted opinion. This issue was fully addressed in the Magistrate's order, and is not raised in Plaintiff's objections to the report and recommendation; therefore, the Court will not address that issue in this opinion. *See Lothridge*, 324 F.3d at 600.

2

final step of this inquiry, that Plaintiff was able to perform at least light work, and therefore was not disabled. In reaching this conclusion, the ALJ was required to determine Plaintiff's RFC. "The RFC is a function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence." *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007). "While the ALJ must consider all relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Id*. at 697.

In reaching his decision, the ALJ ruled upon an agency "Physical Residual Functional Capacity Assessment" form. Specifically, the ALJ concludes on page four of his order,

> The undersigned finds no persuasive medical reason why the claimant could not perform a full range of at least light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. 416.967(b), the residual functional capacity found by State Agency medical evaluators (Exhibit 4F).

ALJ Report, Transcript, p. 18. Exhibit 4F is an eight page report by R. Manning, who is not a physician. The ALJ, in his order, correctly recites the importance of relying on the treating physician's opinions. He states,

> [o]bviously, if the form questionnaire assessments by Dr. Byrd were medically accurate, the claimant would be completely unemployable. The opinion of a treating physician, such as Dr. Byrd, is normally entitled to great weight as a matter of regulatory law. 20 C.F.R. 416.927(d). Such an opinion is not necessarily conclusive, however. It may be disregarded or refuted if it is not supported by credible medical findings on diagnostic tests and other screenings, or if it is countered by the opinion of a doctor who has greater expertise in the kind of impairment the claimant is alleging, or if the opinion is simply inconsistent with the preponderance of the other evidence in the record, medical and otherwise, including the claimant's own actions or admissions. In some cases, the opinion may even be inconsistent with the doctor's own treatment records or later statements made about the claimant. *See Chamberlain v. Shalala*, 47 F.3d 1489 (8th Cir. 1995).

ALJ Opinion, p. 4-5.

The conclusions of R. Manning are squarely at odds with the treating physicians medical conclusions. Clearly, the ALJ relied on R. Manning Exhibit 4F in denying benefits to claimant. A cursory reading of Exhibit 4F reveals R. Manning did not consider medical records of claimant in making his conclusion. *See* § III. of Exhibit 4F ("Treating or Examining Source Statement(s). A. Is a treating or examining source statement(s) regarding the claimant's physical capacities in file? No (includes situations in which there was no source or when the source(s) did not provide a statement regarding the claimant's physical capacities.").

Mr. Manning was not a medical expert, but rather a non-medical state employee. Plaintiff argues that it was reversible error for the ALJ to rely upon Mr. Manning's RFC assessment, because Mr. Manning is not a medical professional. Plaintiff argues that it is not this Court's role to re-weigh the evidence that was presented to the ALJ, but rather the Court should remand the case to the ALJ for rehearing. In support of its position, Plaintiff relies on the case of *Dewey v. Astrue*, which held that reliance upon a person with no medical credentials as a medical consultant in determining RFC was erroneous. 509 F.3d 447, 448 (8th Cir. 2007).

The Court agrees with Plaintiff that the ALJ's erroneous reliance on Mr. Manning's RFC determination as a medical professional was significant.[2] The present case is very similar to the recent Eighth Circuit decision of *Dewey*, where the ALJ erroneously relied on a lay person's testimony as medical testimony. 509 F.3d at 448. The Eighth Circuit remanded that case back to the ALJ. *Id.* at 450. The Court recognizes that the ALJ also discussed the medical records that were present in further support of his position, however, this cannot overcome the clear reliance on a non-medical report as medical testimony. The case is almost identical to the situation in

---

[2] The Magistrate Judge's report discusses that the ALJ relied upon a number of factors, and not only Mr. Manning's opinion, however, the report does not explicitly address the ALJ's error in relying on Mr. Manning as a medical professional.

4

*Dewey*; the form used by Mr. Manning, is entitled Residual Functional Capacity Assessment, and provides a space for the Medical Consultant's signature. 509 F.3d at 448. However, the form was completed by a non-medical professional. The reliance on this evidence as medical testimony requires that the case be remanded to the ALJ for further review. *Dewey*, 509 F.3d at 449 ("[T]his inapposite citation indicates that the ALJ inadvertently weighted the opinion of a lay person under the rules appropriate for weighing the opinion of a medical consultant, which would be a legal error in applying the ruling.").

The Court recognizes that the ALJ did cite to the contemporaneous medical record submitted by the Plaintiff in support of the medical limitations he placed on Plaintiff, however, the Court does not find that this is sufficient to overcome the error cited above. Again, the Eighth Circuit case is instructive; in *Dewey* the Eight Circuit stated that "in light of the presence in the record of a more restrictive opinion form Dewey's [applicant's] treating physician, we cannot say that the ALJ would inevitably have reached the same result if he had understood that the Residual Functional Capacity Assessment had not been completed by a physician or other qualified medical consultant." 509 F.3d at 449-450. Therefore, the Court concludes that the case should be remanded to the ALJ for rehearing.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security denying Plaintiff disability benefits is **REVERSED**. The above styled action is **REMANDED** to the Commissioner for further proceedings in accordance with this opinion.

Dated this 20th Day of February, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE