UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALYCIA MCGOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV01573 ERW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Alycia McGowan's Motion for Attorney's Fee [doc. #27]. Plaintiff seeks reimbursement of attorney's fees in the amount of $4,247.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff's fee request includes an itemized statement of attorney and staff time expended in the case, and the sum sought by Plaintiff is not contested by the Defendant Social Security Administration.

The Court finds the award of attorney's fees is proper in this case. Section 2412 of the EAJA provides that "a court shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, Plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were incurred by the Plaintiff in the civil action in which she prevailed, and (iii) the defendant's position

1

was not substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

Plaintiff has met all of these requirements in the instant matter. The Court remanded this case for further proceedings under sentence four of 42 U.S.C. § 405(g). The Supreme Court has stated that "a party who wins a sentence-four remand order is a prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Therefore, Plaintiff in this case is a prevailing party, and the fees were incurred in pursuit of the civil case seeking remand, satisfying the first two requirements.

Under the third requirement, the Commissioner bears the burden of proving that the denial of benefits was substantially justified. *See Lauer*, 321 F.3d at 764. The determination of whether the Commissioner's position was substantially justified is a matter for the Court's discretion. *Id.* The standard is whether the Secretary's position is "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Id.* The Commissioner has not objected to Plaintiff's request for feees, and therefore has not presented any evidence or argument to satisfy his burden of proving that the denial of benefits was substantially justified. To the contrary, the Commissioner has filed a response agreeing to the award of fees. Therefore, the Court finds that the third requirement has also been satisfied.

The Court next looks at the reasonableness of the fees requested, and finds that plaintiff's application for attorney's fees is reasonable. Plaintiff has requested attorney's fees in the amount of $170.00 per hour for 25.5 hours. The statute provides for a limit of an hourly rate of $125.00 per hour, however, a rate in excess of the statutory maximum may be awarded in certain circumstances. *See McNulty V. Sullivan*, 886 F.2d 1074, 1074-75 (8th Cir.1989). The EAJA provides that attorney's fees may be awarded in excess of the maximum hourly rate of $125.00

per hour as provided by statute if "the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See also Kelley v. Bowen*, 862 F.2d 1333, 1336 (8th Cir.1988). Plaintiff has submitted the Cost of Living figures, which were obtained from the Department of Labor website, in support of his request for fees at rates of $170.00 an hour. The Department of Labor website provides a formula for calculating the appropriate cost of living adjustment, which equals a rate of $170.00 per hour. The Court will therefore award plaintiff attorney's fees in the amount of $4,247.00.

The Court also agrees with Plaintiff that the award of attorney's fees is to be paid directly to Plaintiff's counsel, Gateway Legal Services, Inc., pursuant to a valid assignment.[1] While generally the award of attorney's fees is to be paid directly to the applicant, this Court has recognized an exception where there is a valid assignment. *Pittman v. Astrue*, 2008 WL 363567, *1 (E. D. Mo. February 8, 2008); *see also Stoykor-Adams v. Astrue*, 2008 WL 508198, at *3 (M. D. Fla. February 21, 2008). The Commissioner does not object to this assignment, as stated in his response to Plaintiff's request for fees.

The Court concludes that Plaintiff is entitled to attorney's fees in the amount of $4,247.00, and that such fee shall be made directly to Plaintiff's counsel.

Accordingly,

---

[1]Plaintiff has submitted the signed fee assignment agreement in support of her request for fees.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees [doc. #27] is **GRANTED**. Defendants shall pay attorney's fees in the amount of $4,247.00 made payable to Gateway legal Services, Inc.

Dated this 7th Day of July, 2008.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE